first required.   In addition, it may be said that, in the present action, there is no judgment which was rendered upon a trial; the only one now in existence was rendered upon a stipulation, and it stands, in effect, as a judgment entered by consent.   For these reasons it seems that the judgment rendered by the court of appeals in this action was not such a judgment as is referred to in section 1525 of the Code of Civil Procedure.   The necessary conclusion is that in an action of ejectment, after judgment absolute rendered by the court of appeals upon the right of an appellant who has assented, as required by section 191 of the Code, no right to a new trial exists by virtue of section 1525.   The motion to vacate the order of January 17th is granted.

---

### HAMILTON *v.* GIBBS *et al.* .

*(City Court of New York, Special Term.   January 22, 1890.)*

PLEADING—VERIFICATION—PRIOR PLEADING VERIFIED.

On the service of a copy of the complaint on him, defendant admitted due service of the complaint.   The complaint was properly verified, but the copy served on defendant was not.   Defendant then served an unverified answer, and, on its return for want of verification, notified plaintiff that the copy of the complaint served on him was not verified, but declined to allow plaintiff to correct the copy, whereupon plaintiff served a true copy of the complaint.   *Held,* that defendant would be required to file a verified answer.

Action by Archibald W. Hamilton against Richard H. Gibbs and Walter G. Murphy on an account stated.   A copy of the complaint was served on defendants, who then admitted due service of the complaint.   The complaint was duly verified, but the copy which was served on defendants was defective as to the verification.   Defendants served an answer, which was returned to them because it was not verified.   Defendants then notified plaintiff that the copy of the complaint which was served on them was not verified.   Plaintiff then requested defendants to allow a correction of the copy of the complaint, but defendants refused to allow it.   Plaintiff then served a true copy of the complaint, and he now moves for judgment as for failure to answer.

*Ely & Walker, (James R. Ely,* of counsel,) for plaintiff.   *J. D. Hallen,* for defendants.

VAN WYCK, J.   Motion granted, unless within six days the attorney for defendant Gibbs serves the verified answer of said defendant.

---

### DAVIDSON *v.* CORNELL *et al.*

*(City Court of Brooklyn, General Term.   June 23, 1890.)*

1. MASTER AND SERVANT—NEGLIGENCE.

In the construction of an elevated railroad by defendant, iron columns were erected on each side of the street.   Girders, resting on the top of the columns, were stretched across the street, and two girders on each side of the street were stretched from column to column; their ends resting on seat plates placed on the transverse girders, and also resting below on iron brackets extending out from the cross-girders. Two bolts were inserted through the flanges on the longitudinal girders and the seat plates.   Upon the longitudinal girders was placed a platform or traveler which carried a weight of 10 or 12 tons.   The platform was moved by means of a rope fastened to a post on the platform, carried forward about 60 feet to a leading block, and then returned to a block in the center of the platform.   The leading block was attached by a clamp to an inside longitudinal girder on the same side of the street as the post on the platform.   Plaintiff, working on the platform, was injured through the giving away of the longitudinal girders while the platform was in motion. Plaintiff contended that lateral bracings should have been put in between the longitudinal girders; that the ends thereof should have been fastened with bolts at the bottom, as well as at the top; that one of the longitudinal girders was bent, and that, by fastening the clamp to a longitudinal girder instead of a transverse one, the structure was subjected to a strain which helped to cause the fall.   *Held,* that the question of the negligence of defendant was for the jury.